# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ASSOCIATED TRUST CO., N.A., )
)
    Plaintiff )
) No. 09 C 2259
v. )
) The Honorable William J. Hibbler
)
PRIME RECEIVABLES, LLC AND )
MED-DATA, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This is not the ordinary interpleader action. In this case, the stakeholder has been dragged into the fracas by one of the parties who sued it in another forum. That party, Prime Receivables, seeks to dismiss this interpleader action.

In September 2008, Med-Data negotiated the purchase of substantially all of the assets of Prime Receivables pursuant to an Asset Purchase Agreement. As part of the agreement, Med-Data and Prime Receivables contracted with Associated Trust Company to serve as the escrow agent for the action. Med-Data deposited $1,000,000 with Associated Trust, which Associated Trust was to distribute in four quarterly payments over the course of a year.

In March 2009, Associated Trust prepared to distribute the second $250,000 payment to Prime Receivables. Med-Data, however, informed Associated Trust that the parties had a dispute and instructed it not to distribute the payment. Associated Trust informed both parties that it would not distribute the $250,000 payment until both Med-Data and Prime Receivables informed it in writing that they had resolved their dispute.

The Escrow Agreement between Associated Trust and the Defendants provides that:

1

> Notwithstanding any contrary provision in this Agreement, so long as it shall have acted in good faith, Escrow Agent . . . shall be entitled to refrain from taking any action contemplated by this agreement in the event that it becomes aware of any disagreement between the parties until it has been directed otherwise by a final and unappealable order of a court of competent jurisdiction or by a written instrument signed by Buyer and Seller. Escrow Agent . . . shall not be liable for action taken by Escrow Agent in good faith in accordance with the advice of counsel.

Despite the crystal clear language of the escrow agreement, Prime Receivables badgered Associated Trust to disburse the funds even though the parties in escrow disagreed over that disbursement. When Associated Trust refused to take a side in the parties' dispute, Prime Receivables, shockingly, raced to an Indiana state court, where it filed a seven-count complaint against Med-Data and Associated Trust, alleging among other things that Associated Trust engaged in a conspiracy with Med-Data to convert its property.[1]

Shortly thereafter, Associated Trust filed this interpleader action and asks the Court to receive the funds in escrow and dismiss it from the suit and to enjoin the Defendants from prosecuting any action outside of this Court with regard to the escrow funds. Both Med-Data and Prime Receivables oppose Associated Trust's Motion, though for differing reasons. Prime Receivables asks the Court to dismiss the interpleader action or transfer it to the Southern District of Indiana.

First, a note on jurisdiction. Associated Trust asserts that the Court has jurisdiction both because the parties are diverse and because of the Federal Interpleader Act, 28 U.S.C. § 1335. It's jurisdictional statement is, however, deficient. Section 1348 provides that for the purposes of diversity, among others, banks are citizens of the states in which they are located. 28 U.S.C. § 1348. The Seventh Circuit holds that a bank is "located" in the state of its principal place of business and the state listed in its organizational certificate. *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001). Associated

---

[1] Two weeks ago, a Southern District of Indiana court (who received the case after Med-Data and Associated Trust removed it) transferred the case to this court on the basis of the forum selection clause in the escrow agreement. For convenience, the court will continue to refer to that case, 09-C-6448 in this court's docket, as the Indiana suit.

Trust lists only the state of its principal place of business. Even if Associated Trust corrected this deficiency, its jurisdictional statement might be insufficient. Associated Trust states that it is a nationally chartered *trust*, and it is not clear whether § 1348 even applies, for not all banks are trusts and trusts cannot exercise all the powers of a banking corporation. William M. Fletcher, 6 *Fletcher Cyclopedia of the Law of Corporations* § 2561 (West 2009). The general rule for nationally chartered corporations created to operate in one or more states is that they have no state citizenship for diversity jurisdiction purposes. *See Lehman Bros Bank, FSB v. Frank T. Yoder Mortg.*, 415 F. Supp. 2d 636, 639 & n.7 (E.D. Va. 2006) (collecting cases); Wright, Miller, & Cooper, *Federal Practice and Procedure* 2d § 3627 (noting that unless federally chartered corporation localizes its activities in a single state it is not a citizen of any state). Fortunately, the Court need not delve into the question of whether diversity jurisdiction is proper because Associated Trust offers another jurisdictional basis.

Associated Trust asserts a second jurisdictional basis: the Federal Interpleader Act, 28 U.S.C. § 1335. The Act confers jurisdiction over claims in excess of $500 if the adverse claimants are diverse and if it deposits the money into the registry of the court. Associated Trust adequately pleads the diversity of the Defendants and tenders to the registry of the Court the balance of the escrow funds after deducting its contractual attorneys' fees and costs. The Court finds jurisdiction proper under § 1335.

Prime Receivables argues that the Court should dismiss the interpleader action so that it can pursue its claims against Associated Trust and Med-Data in the Indiana suit. Prime Receivables relies primarily on a forty-year old case that is not relevant. Prime Receivables believes that because all three parties in this interpleader action are also parties to the Indiana suit that Associated Trust does not face a reasonable fear of double liability and therefore the interpleader action is not appropriate. Protecting stakeholders from double liability is *one* purpose of an interpleader proceeding, but certainly not the only or even the principal purpose. Prime Receivables conveniently neglects to discuss that "[i]nterpleader

is an equitable procedure used when the stakeholder is in danger of exposure to double liability *or the vexation of litigating conflicting claims.*" *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2009) (emphasis added). As the Seventh Circuit explains, of course some of the potential claims against the funds held by Associated Trust will ultimately be determined to be without merit, but the very purpose of the proceeding is to protect the stakeholder from having to litigate those competing claims in the first place. *Id.* Associated Trust has no interest in the stakes here. The roughly $750,000 it holds does not belong to it; rather, the funds belong to either Prime Receivables or Med-Data, or perhaps to both. Interpleader protects stakeholders from the expense of litigating disputes over funds in which they have no real interest. Prime Receivables argument to the contrary is frivolous, and its aggressive and vexatious litigation serves only to deplete the recoverable funds. The Court DENIES Prime Receivables' Motion to Dismiss.[2]

Med-Data makes a half-hearted argument that the Court should not terminate the escrow agreement and dismiss Associated Trust from the proceedings. Med-Data relies on the first sentence of Section 5 of the Escrow Agreement that allows Associated Trust to file an interpleader action only after "a prolonged dispute." This argument is nearly as frivolous as Prime Receivables' argument that interpleader is not appropriate. It makes no sense to characterize a dispute as not sufficiently prolonged after one of the claimants *has sued the stakeholder*. After all, as noted earlier, the purpose of interpleader is to allow stakeholders to remove themselves from disputes. Med-Data would have this court further entangle the stakeholder in the dispute.

The Court finds that the prerequisites to statutory interpleader have been met: Med-Data and Prime Receivables, LLC are diverse parties; Associated Trust holds a common stake; and Associated

---

[2] The Court also DENIES Prime Receivables Motion to Transfer. The Southern District of Indiana has already transferred that case to this district, finding the forum clause to be valid. The Court will not revisit that argument.

Trust faces a reasonable fear of double liability or vexatious, conflicting claims. There is absolutely no reason to involve Associated Trust in the squabble between the Defendants. Consequently, the Court GRANTS Associated Trust's motion for interpleader and orders Associated Trust to deposit the balance of the escrow funds with the Court plus accrued statutory interest (if any) minus its attorney's fees and costs incurred through the time of its dismissal. Upon depositing this balance, the Court DISMISSES Associated Trust with prejudice.

Associated Trust also requests that the Court enjoin both Med-Data and Prime Receivables from commencing or pursuing any litigation against it. Med-Data objects, arguing that the Escrow Agreement only protects Associated Trust so long as it acted in good faith. Although Med-Data accurately characterizes the Escrow Agreement, the Court has the authority to require all claimants to resolve their disputes in this forum. *See* 28 U.S.C. § 2361; *General Ry. Sign Co. v. Corcoran*, 921 F.2d 700, 702-03 (7th Cir. 2001). Given the frivolous attacks upon the stakeholder and reluctance of Med-Data and Prime Receivables to embrace the interpleader suit, the Court finds a definite need for such an order. The Court enjoins Med-Data and Prime Receivables from pursuing or commencing *any* litigation against Associated Trust with regard to these funds while this case remains pending. This injunction shall become permanent upon the termination of this case unless the Court finds during the pendency of this case that Associated Trust has not acted in good faith.

IT IS SO ORDERED.

10/21/09
Dated

Hon. William J. Hibbler
United States District Court